IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA CATENA and GREGORY NOVOTNY, | Case No.: 2:20-160 |
| Plaintiffs, | *Electronically Filed* |
| v. | **JURY TRIAL DEMANDED** |
| NVR, INC. t/d/b/a HEARTLAND HOMES OF PA, | |
| Defendant. | |

## COMPLAINT

Plaintiffs, Laura Catena and Gregory Novotny ("**Plaintiffs**"), by and through their undersigned counsel, file the following Complaint against Defendant, NVR, Inc. t/d/b/a Heartland Homes of PA ("**Defendant**" or "**NVR**"), and in support thereof, aver as follows:

### I.     Parties

1. Laura Catena is an adult individual residing at 1001 Pleasant Ridge Drive, Mars, PA 16046, Allegheny County.

2. Gregory Novotny is an adult individual residing at 1001 Pleasant Ridge Drive, Mars, PA 16046, Allegheny County and is married to Laura Catena.

3. Defendant NVR, Inc. is a Virginia Corporation with its corporate address at 11700 Plaza America Drive, Suite 500, Reston, Virginia 20190.

4. NVR, Inc. trades and does business in Pennsylvania as Heartland Homes of PA.

5. At all times relevant hereto, Defendant held itself out and marketed itself to the public as a corporation specializing in the design, construction, and sale of high-end luxury residential homes and is a mass-developer and/or professional builder, which is in the business of selling and constructing large residential communities.

6. Defendant is authorized to transact business in the Commonwealth of Pennsylvania, has transacted significant business throughout the Commonwealth and this District, and has numerous large development projects throughout the Commonwealth and this District.

7. At all times relevant hereto, Defendant acted by and through its authorized agents, officers, employees, servants, contractors and subcontractors acting within the scope of their employment.

## II.   Jurisdiction and Venue

8. This Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (a) Defendant is subject to personal jurisdiction in this District; and (b) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.   Material Facts

10. On September 10, 2017, Plaintiffs entered into a Purchase Agreement (the "**Agreement**") with NVR for the construction of a new home on property located at 1001 Pleasant Ridge Drive, Mars, PA 16046 (the "**Home**") for $522,645. A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

11. The Home is located in Heartland's Pleasant Ridge community, which NVR markets as a luxury home development. Upon information and belief, NVR was the builder and the seller of the Home.

12. Construction of the Home concluded in or about March 2018.

13. An occupancy permit was granted for the Home on March 1, 2018.

14. On March 30, 2018, Buyers closed on the Home and moved in shortly thereafter.

15. At closing, Plaintiffs received a copy of the Heartland Homeowner's Manual, which contains certain representations and warranties. A true and correct copy of the Manual is attached here to as **Exhibit B**.

16. Since occupying the Home, Buyers have noticed numerous defects and deficiencies in the construction of the Home. The defects and deficiencies include, but are not limited to, the following:

   a. The plumbing and sewage is defective and/or improperly installed, which has already caused one significant back-up which destroyed much of Plaintiffs' finished basement area;

   b. The driveway was never completed and sealed, and what has been done is substandard, which has resulted in cracks and uneven texture and finish;

   c. The concrete sidewalk is cracking and breaking off;

   d. There is a large crack across the garage floor;

   e. The windows are defective and/or improperly installed, allowing water and insect penetration;

   f. The storm water drainage system is defective and was not installed properly;

   g. The roof and gutters were not properly designed and/or installed;

   h. The grading of the land surrounding the Home is insufficient to divert water properly and was not installed properly;

   i. NVR failed to provide stone to grade;

   j. The Home's water pressure is low and insufficient;

   k. The yard is composed of substandard, rocky topsoil incapable of promoting grass growth;

   l. The "privacy trees" promised by Heartland are tiny saplings, two of which are already dead or dying;

   m. The doors are substandard and/or improperly installed;

      n.      The front door has multiple extraneous holes drilled near the hinges;

      o.      The sides of the fireplace are concaved;

      p.      The fireplace is defective and/or was not installed properly;

      q.      The walls and doors have substandard and/or unfinished paint;

      r.      The trim work throughout the Home is uneven and separating from the floor;

      s.      The ductwork is defective and was not installed correctly;

      t.      The soil and/or foundation is defective and substandard allowing for an infestation of voles on the property; and

      u.      Other construction defects and substandard workmanship that may be revealed during the discovery process.

17. In addition to the above-described deficiencies, such items were not designed and/or installed in accordance with NVR's designs and specifications.

18. Plaintiffs have reported the above-described deficiencies, and others, to NVR repeatedly.

19. NVR attempted to repair some of the deficiencies, and made assurances that the repairs were sufficient, however, the problems identified herein remain.

20. NVR's repair attempts have exacerbated the defective conditions and/or created new ones.

21. NVR promised and made assurances to repair other deficiencies, which Plaintiffs justifiably relied upon. NVR then failed and/or refused to make repairs in a timely manner, upon information and belief, in an attempt to run out a statute of limitations on Plaintiffs' claims.

22. Some deficiencies NVR refused to correct.

23. At all relevant times, NVR was responsible for and controlled the means and methods of the construction and repairs to the Home.

24. NVR has not repaired or remedied the above-referenced deficiencies consistent with its obligations as set forth in the Heartland Homeowner's Manual.

25. The defective construction of Plaintiffs' Home has resulted, and will continue to result, in significant expenses being incurred by Plaintiffs to repair and remedy such issues.

26. Defendant's defective construction of Plaintiffs' home has diminished the value of the Home.

27. Defendant's defective construction will make it very difficult to sell the Home.

## COUNT I

### Breach of Contract

28. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

29. The Agreement constitutes a valid and enforceable contract between the parties.

30. NVR contracted with Plaintiffs to construct the Home pursuant to designs and specifications that it prepared.

31. NVR failed to construct the Home in accordance with its designs and specifications.

32. NVR's failure to construct the Home in accordance with its designs and specifications constitutes a breach of the Agreement.

33. NVR's failure to complete construction of the Home constitutes a breach of the Agreement.

34. NVR's failure to construct the Home pursuant to building codes, laws and regulations constitutes a breach of the Agreement.

35. NVR's failure to remedy the defects despite notice constitutes a breach of the Agreement.

36. NVR's breaches directly and proximately caused damages including, but not limited to:

    a. Diminution of the value of the Home;

    b. Fees and costs to repair the deficiencies to the Home; and

    c. Other damages as may become evident through discovery.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, NVR, Inc. t/d/b/a Heartland Homes of PA, in an amount in excess of $75,000, including interest and costs of suit and any and all other relief that this Honorable Court deems appropriate.

## COUNT II
### Breach of Warranty (Express and Implied)

37. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

38. NVR warranted its workmanship and materials, and that the Home would be constructed in a good workmanlike manner.

39. NVR expressly warranted that the construction of the Home would be in accordance with its designs and specifications, as well as in accordance with industry standards.

40. NVR's express warranties include, *inter alia*, warranties relating to the:

    a. Site work and surface and sub-surface drainage;

    b. Concrete and asphalt;

    c. Doors and windows;

    d. Plumbing;

    e. Specialties, including fireplaces;

    f. Trim work;

    g. Finishes;

    h. HVAC;

      i. Driveway;

      j. Walkways; and

      k. Structural defects.

See **Exhibit B**.

41. NVR breached the express Warranties by constructing the Home in a substandard and defective manner as more fully described in Paragraphs 14 and 15.

42. NVR further breached the implied warranty of good workmanship by constructing the Home in a substandard and defective manner as more fully described in Paragraphs 14 and 15.

43. NVR's breaches directly and proximately caused damages including, but not limited to:

    a. Diminution of the value of the Home;

    b. Fees and costs to repair the deficiencies to the Home; and

    c. Any other damages flowing from NVR's breaches.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, including interest and costs of suit and any and all other relief that this Honorable Court deems appropriate.

## COUNT III
### Violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. ("UTPCPL")

44. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

45. The UTPCPL provides a private right of action for anyone who "suffers any ascertainable loss of money or property" as a result of an unlawful method, act or practice. 73 P.S. § 201–9.2(a).

46. Plaintiffs are persons as defined by the UTPCPL. 73 P.S. § 201–2(2).

47. NVR is a person as defined by the UTPCPL. 73 P.S. § 201–2(2).

48. NVR represented that it would construct the Home in accordance with its designs and specifications.

49. NVR represented that it would construct the Home in a good and workmanlike manner.

50. NVR represented that it would remedy and/or repair certain deficiencies identified by Plaintiffs.

51. NVR represented that the Home would be constructed in accordance with all the relevant building codes, laws, regulations and industry standards.

52. NVR failed to construct the Home in a good and workmanlike manner and failed to construct the Home in accordance with its designs and specifications as identified in Paragraphs 14 and 15 and failed to construct the Home in accordance with all the relevant building codes, laws, regulations and industry standards.

53. NVR failed and/or refused to remedy/repair the deficiencies in a proper manner consistent with its obligations.

54. NVR intentionally misrepresented that it would repair certain deficiencies and then failed and/or refused to do so.

55. NVR made assurances regarding the quality of its limited repair attempts, which turned out to be gross misrepresentations.

56. NVR represented that certain defects were within standard construction tolerances when they were not.

57. NVR intentionally delayed making repairs and/or lied about its intent to make repairs in an effort to run out a statute of limitations on Plaintiffs' claims.

58. NVR's actions, and inactions, violate Sections 2-201(4)(xiv) failure to comply with the terms of any written guarantee or warranty given to the buyer, (xvi) making repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing, and (xxi) engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding, of the UTPCPL.

59. NVR's construction of the Home was of a nature and quality inferior to that which was agreed upon and that which it promised Plaintiffs and was obligated to provide.

60. NVR's conduct as described herein was deceptive and created a likelihood of confusion or of misunderstanding.

61. NVR's violations have harmed Plaintiffs as more fully set forth herein.

62. NVR's actions and inactions as more fully described herein are intentional, willful, outrageous and malicious and warrant the imposition of punitive damages.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, NVR, Inc. in an amount in excess of $75,000, including interest, treble damages, attorneys' fees, punitive damages, costs of suit and any and all other relief that this Honorable Court deems appropriate.

## COUNT IV
### Fraud

63. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

64. Defendant misrepresented the quality of its materials, workmanship and homes for the purpose of enticing the public and Plaintiffs to purchase what it markets as "luxury homes" that are not worth the price paid for these houses.

65. Defendant knew or should have known of the deficiencies complained of herein even prior to Plaintiffs raising such complaints.

66. Defendant misrepresented the quality of the completed Home in order to entice Plaintiffs to purchase the Home.

67. Defendant misrepresented its intention to make repairs in an effort to run out a statute of limitations on Plaintiffs' claims.

68. Defendant misrepresented that it would design, construct and build a quality luxury home that would be verified throughout the construction process through a series of inspections from its subcontractors, project managers and inspectors.

69. These representations were falsely made with the intention of inducing Plaintiffs to purchase and close on the Home and forgo initiating litigation sooner.

70. Plaintiffs' justifiably relied upon Defendant's representations.

71. These actions constitute fraud, and have resulted in harm to Plaintiffs as more fully set forth herein.

72. These actions were intentional, willful, outrageous and malicious and justify the imposition of punitive damages.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, NVR, Inc. in an amount in excess of $75,000, including interest, attorneys' fees, punitive damages, costs of suit and any and all other relief that this Honorable Court deems appropriate.

## COUNT V
### Negligent Misrepresentation

73. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

74. In the alternative, if Defendant did not intentionally commit fraud, it negligently misrepresented the quality of the Home and its intention to make repairs and its quality of repairs.

75. Defendant misrepresented the quality of its materials, workmanship and homes for the purpose of enticing the public and Plaintiffs to purchase what it markets as "luxury homes" that are not worth the prices paid for these homes.

76. Plaintiffs relied upon such misrepresentations when making the decision to purchase the Home.

77. Defendant misrepresented its intention to make repairs in an attempt to run out the statute of limitation.

78. As a direct and proximate result of Defendant's misconduct, Plaintiffs have sustained and will sustain significant damages as more fully described herein.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant, NVR, Inc. in an amount in excess of $75,000, including interest, attorneys' fees, punitive damages, costs of suit and any and all other relief that this Honorable Court deems appropriate.

Respectfully submitted,

STRASSBURGER McKENNA GUTNICK
& GEFSKY

Date: February 3, 2020      By: /s/Lydia A. Gorba
                                Kimberly S. Tague
                                Pa. ID. No. 93470
                                Lydia A. Gorba
                                Pa. ID No. 324279

                                *Counsel for Plaintiffs*

                                **JURY TRIAL DEMANDED**