IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LAURA CATENA, GREGORY NOVOTNY, <br><br> Plaintiffs, <br><br> vs. <br><br> NVR, INC., <br><br> Defendant, | 2:20-CV-00160-MJH |

**OPINION AND ORDER**

On September 22, 2022, a jury returned a verdict in the amount of $146,462.40, in favor of Plaintiffs and against Defendant, NVR, Inc., on Plaintiffs' claims for Breach of Warranty and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). NVR now moves for Judgment as a Matter of Law and/or for a New Trial. (ECF No. 91). The matter is now ripe for disposition.

Upon consideration of NVR's Motions (ECF No. 91), the respective briefs (ECF No. 92, 106, and 113), the trial record, and for the following reasons, NVR's Motions for Judgment as a Matter of Law and/or for a New Trial will be denied.

I.   Background

On September 10th, 2017, Laura Catena and Gregory Novotny entered into a Purchase Agreement with NVR, Inc. for the purchase of a property and construction of a home located in Mars, Pennsylvania. On March 30th, 2018, NVR completed the construction of the home and sold the home to Ms. Catena and Mr. Novotny. At trial, Ms. Catena and Mr. Novotny claimed that they relied upon representations made by NVR regarding the construction condition and amenities of their home in deciding to purchase it, including that they were purchasing a

"luxury" home. Plaintiffs further claimed that various defects in the home constitute breaches of those representations. For these breaches, Ms. Catena and Mr. Novotny asserted claims of breach of a written contract, breach of express and implied warranties, and violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).

At the close of Plaintiffs' case, NVR moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The Court granted NVR's motion with regard to the breach of contract and breach of implied warranties claims. At the close of NVR's case, it again moved for judgment as a matter of law, which this Court denied.

On September 22, 2022, the jury returned a verdict in favor of Plaintiffs. Judgment in the amount of $146,462.40 was entered the same day. The jury found in favor of Plaintiffs on both of their claims, Breach of Limited Warranty and Violations of the UTPCPL, as follows:

    1. Breach of Limited Warranty …………………………………………$23,877.20

    2. Violation(s) of the UTPCPL…………………………………………...$122,585.20

NVR now moves for judgment as a matter of law pursuant to Fed. R. Civ. 50(b) or new trial pursuant to Fed. R. Civ. 59 on the following bases: 1) Plaintiffs' UTPCPL claim is premised on non-actionable puffery; 2) Plaintiffs' UTPCPL claim fails as a matter of law because NVR did not make any representations upon which Plaintiffs justifiably relied aside from those in the Purchase Agreement; 3) Plaintiffs failed to establish that NVR caused or had a duty to repair the "belly" in the sewer line; and 4) Plaintiffs' claims fail as a matter of law because NVR fully complied with its Limited Warranty, several of Plaintiffs' claims were not timely made pursuant to NVR's Limited Warranty, and other claims were not warrantable under NVR's Limited Warranty and are thus barred by the 1-year contractual limitations period.

II. Standards of Review

A. Motion For Judgment As a Matter of Law- Rule 50(b)

Federal Rule of Civil Procedure 50 guides motions for judgment as a matter of law when "the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 447 (2000) (citing 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2521, p. 240 (2d ed. 1995)). At the conclusion of the non-moving party's case, the moving party may make a motion for judgment as a matter of law any time before submission to the jury. Fed. R. Civ. P. 50(a)(2). If judgment as a matter of law is not granted under 50(a), a party may renew the motion under 50(b) after the entry of judgment. Fed. R. Civ. P. 50(b).

B. Motion For a New Trial-Rule 59(a)

Federal Rule of Civil Procedure 59(a) states in relevant part as follows:

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

Fed. R. Civ. P. 59(a)(1)(A).

The ordering of a new trial pursuant to Rule 59 is within the sound discretion of the district court. *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995). Reasons for granting a new trial include verdicts which are against the weight of the evidence or prejudicial errors of law. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993); *Brown v. Nutrition Mgmt. Servs. Co.*, 370 F. App'x 267, 268-70 (3d Cir. 2010).

III. Discussion

A. UTPCPL

1. Availability of UTPCPL Remedies

NVR argues that the claims and damages under the UTPCPL are limited and/or disclaimed by the language of the Purchase Agreement. Plaintiffs contend that the Purchase Agreement and public policy support the availability of a UTPCPL claim.

"The UTPCPL must be liberally construed to effect the law's purpose of protecting consumers from unfair or deceptive business practices." *Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 321 (Pa. Super. Ct. 2015). The Purchase Agreement provides in relevant part as follows:

> Section 13. Claims and Disputes. YOU AND WE AGREE THAT ANY CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT, SETTLEMENT HEREUNDER, OR IMPROVEMENTS TO THE PROPERTY, REGARDLESS OF LEGAL THEORY, EXCEPT ANY CLAIMS UNDER THE LIMITED WARRANTY ("CLAIMS") SHALL BE SUBJECT TO A ONE YEAR LIMITATION OF ACTION PERIOD AND BAR DATE. SUCH CLAIMS BASED ON MATTERS BEFORE THE SETTLEMENT DATE SHALL BE DEEMED TO HAVE ARISEN AND ACCRUED, IF AT ALL, AND THE ONE YEAR LIMITATION OF ACTION PERIOD FOR ALL CLAIMS SHALL BE BEGIN TO HAVE RUN TO RUN ON THE ACTUAL SETTLEMENT DATE. ALL APPLICATION OF THE SO-CALLED "DISCOVERY RULE" IS MUTUALLY WAIVED BY THE PARTIES. BY EXECUTING THIS AGREEMENT, YOU ACKNOWLEDGE YOUR UNDERSTANDING AND AGREEMENT TO THESE TERMS SAID ONE YEAR PERIOD IS REASONABLE IN ALL RESPECTS.

(ECF No. 1-2 at ¶ 13). The Purchase Agreement further provides:

> 6. Limited Warranty. You have received a copy of the Seller's Limited Warranty (the "Limited Warranty") prior to execution of the Agreement and agree to accept this warranty as the sole warranty being given to purchaser. THE LIMITED WARRANTY OF THIS AGREEMENT IS THE ONLY WARRANTY APPLICABLE TO THE PROPERTY. NO IMPLIED WARRANTY (WHETHER OF MERCHANTABILITY, HABITABILITY, FITNESS FOR A PARTICULAR PURPOSE OR OTHERWISE) IS GIVEN ON PORTIONS OF THE PROPERTY OTHER THAN CONSUMER PRODUCTS. . . [THE OBLIGATIONS OF SELLER] ARE LIMITED SOLELY TO THE REPAIR OR REPLACEMENT OF THE DEFECTIVE COMPONENT AND DO NOT EXTEND TO ANY DAMAGE OR HARM RESULTING THEREBY OR THEREFROM. THE SELLER SHALL NOT BE LIABLE FOR ANY CONSEQUENTIAL DAMAGES OR PERSONAL INJURIES ARISING FROM BREACH OF ANY OF THE LIMITED WARRANTIES DESCRIBED IN THIS AGREEMENT. IF ANY DEFECT IS

> DISCOVERED DURING THE APPLICABLE WARRANTY PERIOD, SELLER SHALL HAVE THE EXCLUSIVE RIGHT TO DETERMINE WHETHER THE DEFECT SHALL BE CORRECTED BY REPAIR, ADJUSTMENT OR REPLACEMENT. . .

ECF No. 1-2 at ¶ 6. Similarly, the Limited Warranty within the Homeowner's Manual, which is incorporated into the Purchase Agreement, also purports to limit damages as follows:

> Under no circumstances will the Builder be liable for special, incidental or consequential damages (including, but not limited to, bodily injury, death, loss of the use of the Home, damage to property of any kind not furnished by the Builder, or attorney's/expert's/consultant's fees and costs), regardless of the form of action or legal theory under which any claim is asserted against the Builder for breach of warranty, breach of contract, negligence or strict liability.

(ECF No. 1-3 at p. 59).

None of these provisions contain any disclaimer or waiver of statutory remedies, including consumer protection statutes such as the UTPCPL. Given the UTPCPL's intended effect, as a protection of consumers, this Court must liberally construe its remedial nature. Further, the Third Circuit has recognized that UTPCPL claims are statutory and tortious in nature meaning that they are not bound by contractual language. *See Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021). Therefore, based upon the language of the Purchase Agreement, Limited Warranty, and considering public policy, the UTPCPL's availability and remedies are not waived, precluded, or barred in this case.

    2. Puffery

NVR contends that Plaintiffs base their UTPCPL claim upon non-actionable puffery. Specifically, NVR maintains that Plaintiffs' alleged failure to receive a "luxury home" with "quality architecture, timeless design, and beautiful finishes" fails as a matter of law because such claims constitute non-actionable puffery. Therefore, NVR argues that the Court committed

5

an error of law and/or a manifest injustice that requires a new trial when it permitted Plaintiffs to maintain claims premised, in part, on their alleged failure to receive a "luxury home."

Plaintiffs argue that NVR's representations of luxury are not puffery because the determination as to whether a statement is deemed puffery is generally a question of fact to be resolved by the factfinder. And because in this case, the trier of fact found in their favor, Plaintiffs maintain NVR's Motion must be denied.

"Puffery is distinguishable from misdescriptions or false representations of specific characteristics of a product. As such, it is not actionable." *Brand Mktg. Grp., LLC v. Intertek Testing Servs. NA, Inc.*, 2013 WL 3854461, 2013 U.S. Dist. LEXIS 102999, at *6 (W.D. Pa. July 23, 2013) (citations omitted) (quoting *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 945 (3d Cir. 1993). Statements amounting to mere puffery do not create express warranties and cannot be the basis for recovery. *See Cnty. of Mercer v. UniLect Corp.*, 612 F. Supp. 2d 638, 650 (W.D. Pa. 2009). "There are two basic 'puffing' statements. The first involves hyperbolic boasting or bluster that no reasonable consumers would believe to be true; for example, a statement that a weight loss product will cause the pounds to 'melt away in the blink of an eye.'" *Id*. "The second category involves claims of superiority over a competitor's product … such as statements that a laboratory imaging device provided 'unprecedented clarity,' or the advertisement of a product as 'the complete sports drink.'" *Id*. "A salient characteristic of statements deemed to be 'puffery' is that consumers understanding that the statements are not to be taken literally." *Id*. "It is these characteristics—the patently hyperbolic or excessively vague character that dissuades any reasonable consumer from placing reliance thereon as fact—that render puffery non-actionable under the UTPCPL." *Id*. at 1024. In distinguishing between actionable claims and mere puffery, courts have differentiated between claims that are "specific and measurable" and those that

constitute "'exaggerated advertising, blustering, and boasting[]' or 'vague' and 'general claim[s] of superiority.'" *Painaway Australia Pty Ltd. ACN 151 146 977* v. *MaxRelief USA, Inc.*, 2022 U.S. Dist. LEXIS 63767, 2022 WL 1028024, at *4 (E.D. Pa. Apr. 6, 2022). The latter category of non-actionable puffery generally encompasses claims or terms that cannot be specifically measured. *See, e.g., Binakonsky v. JM Brands, Inc.*, 2022 WL 2757674, at *6 (W.D. Pa. July 14, 2022) 6 ("Puffery is subjective claims about products, which cannot be proven either true or false.")

"[L]uxury" or "luxurious" have been cited as examples of subjective terms that constitute puffery. *Id.* at *6. Although "the determination as to whether a statement is deemed puffery is a question of fact to be resolved by the finder of fact," there are instances "where the answer is so clear that it may be decided as a matter of law." *Golden Gate Nat'l Senior Care, LLC*, 194 A.3d 1010, 1024 (Pa. 2018).

Here, after careful review of the record and briefing, the Court concludes that, within the specific context of this case, the term "luxury" and related marketing materials and model home as utilized by NVR, there was sufficient evidentiary basis for and no error in the jury's determination of non-puffery, sufficient to support their UTPCPL verdict. The record reflects that NVR provided written materials to the Plaintiffs via marketing strategies, website representations, and the presentation of a model home, which set an expectation level with Plaintiffs. Therefore, the term "luxury" did not appear in isolation, in that NVR provided materials and a model home which provided a specific and measurable expectation of quality such that, as used in this case, the term "luxury" was not mere puffery. The issue was properly presented to the jury. Therefore, the Court can find no fault with its rulings to permit Plaintiff to introduce evidence of NVR's representations that Plaintiffs would receive a "luxury" home.

The jury had all evidence and arguments of counsel before it as it deliberated to reach its verdict to determine NVR's UTPCPL liability to Plaintiffs. The record supports the jury's decision. Thus, there was no error of law that would warrant entry of judgment in NVR's favor or a new trial.

Accordingly, NVR's Motion for Judgment as a Matter of Law and/or New Trial, as regards non-actionable puffery, will be denied.

3. Justifiable Reliance

NVR next contends that Plaintiffs' UTPCPL claim fails as a matter of law because NVR did not make any representations to the Plaintiffs aside from those in the Purchase Agreement upon which they justifiably relied. Specifically, NVR argues that Plaintiffs' UTPCPL claim fails as a matter of law, because the Purchase Agreement contains an integration clause in which Plaintiffs disavowed the existence of any oral representations, i.e. parol evidence, upon which they relied. Further, NVR contends that, although Plaintiff Catena had conversations with NVR personnel during the build process, and regarding repairs during the warranty process, any statements from NVR personnel at that time cannot serve as the basis for a UTPCPL claim. Specifically, NVR asserts that, under Pennsylvania law, a plaintiff must prove justifiable reliance when making the purchasing decision.

Plaintiffs maintain that the Purchase Agreement's integration clause is unenforceable because said clause is inapplicable to a statutory claim like the UTPCPL. Further, Plaintiffs argue that the parol evidence would likewise not apply to NVR's written marketing materials, website representations, and the model home. With regard to the timing of representations, Plaintiffs maintain that, at the time of purchase, they relied upon the written marketing

representations and the quality demonstrated in the model home. Plaintiffs argued that they did not receive the quality and performance promised by NVR.

With regard to the parol evidence and the integration clause, *Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021) held that UTPCPL claims are statutory and tortious in nature; they are not contractual. Therefore, the parol evidence rule does not bar UTPCPL claims. *Rohrbach v. NVR, Inc.*, 545 F.Supp.3d 237, 241 (E.D. Pa. 2021). More generally, "[t]o bring a private cause of action under the UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004).

Here, in relation to the justifiable reliance issue under the UTPCPL, NVR communicated written marketing materials, its website, and a model a home to demonstrate the quality of the luxury home Plaintiffs ultimately purchased. NVR created objective quality expectations in the Plaintiffs upon which Plaintiffs relied upon in making their purchase. The record in this case sufficiently supports the jury's finding of justifiable reliance to meet the standard for liability under the UTPCPL.

Accordingly, NVR's Motion for Judgment as a Matter of Law and/or New Trial, as regards Plaintiffs' claims under the UTPCPL and justifiable reliance, will be denied.

B. Sewer Line

NVR next maintains that Plaintiffs failed to establish that NVR caused or had a duty to repair the "belly" in the sewer line. Plaintiffs offered testimony that at the time of a sewage backup in their home, in May 2019, there was a belly in the line. However, NVR maintains Plaintiffs offered no evidence demonstrating how or when that belly developed. Further, NVR argues that no evidence of record demonstrates that the belly developed within the warranty

9

period, such that NVR was responsible for repairing same, nor that it was caused by NVR's defective installation. Accordingly, NVR maintains that the evidence reflects that the sewer line was operative and non-defective as of March 2018 when Plaintiffs closed on their home, and that there was a belly in the line in May 2019 when the back-up occurred.

Plaintiffs contend that NVR's own witness, its corporate designee, testified that upon inspection it was determined that there was a belly in the line and that NVR was responsible to repair this defect. Plaintiffs argue they proved, inter alia, that NVR caused the line to be installed in 2017, that NVR performed work on the line after damaging it shortly before closing in 2018, and that there was a belly in the line as of 2019 when the line backed up into Plaintiffs' basement.  Plaintiffs maintains that NVR failed to provide any evidence to dissuade the jury from concluding it was both NVR's fault and duty to repair the line.

Here, Plaintiffs provided sufficient evidence for the jury to conclude that NVR caused and had a duty to repair the sewer line.  The evidence and testimony reflected that NVR constructed the sewer line, the sewer line failed when it backed up shortly after construction, it has a seven-foot "belly," and NVR's corporate designee testified to NVR's responsibilities. Such is sufficient for the jury to infer that NVR had a duty and caused the problems with the sewer line.  Therefore, NVR's arguments relative to duty and causation vis-à-vis, the belly of the sewer line are unavailing.

Accordingly, NVR's Motion for Judgment as a Matter of Law and/or New Trial, as regards the sewer line and jury verdict for breach of limited warranty, will be denied.

C.  Timeliness of Limited Warranty and UTPCPL Claims

Finally, NVR maintains that Plaintiffs' claims fail as a matter of law because NVR fully complied with its Limited Warranty, several of Plaintiffs' claims were not timely made pursuant

to NVR's Limited Warranty, and other claims were not warrantable under NVR's Limited Warranty and are thus barred by the 1-year contractual limitations period. Specially, NVR contends the Limited Warranty required the Plaintiffs to timely notify NVR of any alleged, warrantable defects.   The jury returned a verdict in amount of $23,877.20 on Plaintiffs' Limited Warranty claim.   The Court charged the jury on the Limited Warranty, the jury had access to its language during deliberations, and defense counsel presented argument on compliance, timeliness, and warrantability.  The record evidence supported the jury's finding that NVR did not meet the terms of the Limited Warranty.  Accordingly, NVR's Motion for Judgment as a Matter of Law and/or New Trial, as regard the timeliness of Plaintiffs' Limited Warranty claim, will be denied.

NVR also contends that the 1-year limitation period in the Purchase Agreement would bar Plaintiffs' UTPCPL claims. Plaintiffs argue that the contractual limitations provision within the Purchase Agreement does not apply to Plaintiffs' UTPCPL claims.  Here, as analyzed above and recognizing the UTPCPL's extra-contractual nature, the Purchase Agreement and Limited Warranties do not disclaim or limit Plaintiffs' remedies under the UTPCPL.   Further, the Purchase Agreement does not expressly set forth or create a one-year limitation period for recovery under the UTPCPL.   Thus, the Purchase Agreement does not limit Plaintiffs' UTPCPL claim.

As regards the UTPCPL claims, Plaintiffs' asserted NVR violated the same in three particulars:

- Section 2-201(4)(xiv) – failure to comply with the terms of any written guarantee or warranty given to the buyer;

- Section 2-201(4)(xvi) – Making repairs, improvements, or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing;

- Section 2-201(4)(xxi) – engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding, of the UTPCPL.

The jury found that NVR violated all three sections of the UTPCPL. The evidence and testimony of record supports that, even if Limited Warranty claims were untimely or unwarrantable, under the Purchase Agreement or Limited Warranty, remedies were still available for liability under the UTPCPL. The jury fairly considered the evidence, the language of the Purchase Agreement and of the Limited Warranty, arguments of counsel, and this Court's instructions, and then determined NVR's liability for damages under the UTPCPL. "[A] District Court in reviewing a jury verdict has an obligation ... to uphold the jury's award if there exists a reasonable basis to do so." *Evans v. Port Auth. of New York & New Jersey*, 273 F.3d 346, 351 (3d Cir. 2001). The jury's verdict of $23,877.20 for Breach of Limited Warranty and of $122,585.20 for Violations of the UTPCPL was reasonable and supported by the evidence and testimony.

Accordingly, NVR's Motion for Judgment as a Matter of Law and/or New Trial, as regards the timeliness of the UTPCPL claim, will be denied.

ORDER

And Now this 9th day of January 2023, following consideration of NVR's Motion (ECF No. 91), the respective briefs (ECF No. 92, 106, and 113), the trial record, and for the foregoing reasons, NVR's Motions for Judgment as a Matter of Law or for a New Trial are denied.

*[signature]*
Marilyn J. Horan
United States District Judge