IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LAURA CATENA, GREGORY NOVOTNY, <br><br> Plaintiffs, <br><br> vs. <br><br> NVR, INC., <br><br> Defendant, | 2:20-CV-00160-MJH |

## OPINION AND ORDER

On September 22, 2022, a jury returned a verdict in the amount of $146,56.40, in favor of Plaintiffs and against Defendant, NVR, Inc., on Plaintiffs' claims for Breach of Warranty and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Plaintiffs now petition for prejudgment interest, delay damages under Pa.R.C.P. 238, and post-judgment interest. (ECF No. 93). The matter is now ripe for disposition.

Upon consideration of Plaintiffs' Petition (ECF No. 93), the respective briefs (ECF No. 107, and 110), and for the following reasons, Plaintiffs' Petition will be granted in part, denied in part, and deferred in part.

I.   Background

On September 10th, 2017, Laura Catena and Gregory Novotny entered into a Purchase Agreement with NVR, Inc. for the purchase of a property and construction of a home located in Mars, Pennsylvania. On March 30th, 2018, NVR completed the construction of the home and sold the home to Ms. Catena and Mr. Novotny. A trial, Ms. Catena and Mr. Novotny asserted claims of breach of a written contract, breach of express and implied warranties, and violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL). At the close of

Plaintiffs' case, NVR moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a). The Court granted NVR's motion with regard to the breach of contract and breach of implied warranties claims. At the close of NVR's case, it again moved for judgment as a matter of law, which this Court denied.

On September 22, 2022, the jury returned a verdict in favor of Plaintiffs. Judgment in the amount of $146,462.40 was entered the same day. The jury found in favor of Plaintiffs on both of their claims, Breach of Limited Warranty and Violations of the UTPCPL, as follows:

    1. Breach of Limited Warranty ……………………………………………$23,877.20

    2. Violation(s) of the UTPCPL…………………………………………...$122,585.20

In their petition, Plaintiffs contend they are entitled to prejudgment interest on their Breach of Warranty claim, delay damages pursuant to Pa.R.C.P. 238 on their UTPCPL claim, and post-judgment interest on all claims.

II.    Discussion

    A.  Prejudgment Interest

        1.  Timeliness

NVR initially argues that Plaintiffs petition should be denied because they failed to timely move to amend the judgment under Fed. R. Civ. P. 59(e). Specifically, NVR maintains that Judgment was entered on September 22, 2022 (ECF No. 86), and the deadline to file a Rule 59(e) motion was 28 days later, October 20, 2022. Plaintiffs filed the Petition on October 21, 2022. (ECF No. 93). Plaintiffs argue that their request for prejudgment interest on their warranty claim falls within the purview of Federal Rule of Civil Procedure 60(a), which is not time limited.

    Rule 59(e) provides as follows:

>**(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59.  Under Rule 6(b)(2), "a court must not extend the time to act under Rules ... 59(e)." Fed. R. Civ. P. 6(b)(2).

Rule 60(a) provides as follows:

>**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

Just as the parties offer opposing viewpoints on the applicable procedural rule, case law conflicts as to the proper avenue to seek prejudgment interest.  Under Supreme Court precedent, motions for prejudgment interest fall within the ambit of Federal Rule of Civil Procedure 59(e). *See Osterneck v. Ernsty & Whinney*, 489 U.S. 169, 176 (1989) (holding that "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) would apply"); *Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Emps.*, 960 F.2d 1187, 1192 (3d Cir. 1992) (noting that post-judgment motions for prejudgment interest must be filed pursuant to the time limitations set forth in Rule 59(e)).  However, subsequent to the *Osterneck* decision, the Third Circuit held, "It is well established that where a party seeks to alter a judgment to reflect the District Court's grant of prejudgment interest, Rule 60(a) is the proper avenue for making such a request." *Pfizer Inc. v. Uprichard*, 422 F.3d 124, 130 (3d Cir. 2005) (citing *Glick v. White Motor Co.*, 458 F.2d 1287, 1294 (3d Cir.1972) (holding that once entitlement to prejudgment interest is established, addition of prejudgment interest is "merely a ministerial act").

In discussing the conflict, Judge McVerry in *Seto v. State Farm Ins. Co.*, No. 2:10-CV-00505, 2012 WL 4922117, at *2–3 (W.D. Pa. Oct. 16, 2012) found *Pfizer* and *Glick* controlling because, like the prevailing parties in *Pfizer* and *Glick*, the plaintiffs were entitled to prejudgment interest as of matter of right. *Seto* resolves the inconsistency of *Osterneck* as follows:

> In *Osterneck*, the Supreme Court held that if an interest provision is not included in the judgment, a motion to amend the judgment to add prejudgment interest must comply with Fed.R.Civ.P. 59(e). 489 U.S. at 176. Significantly, the Supreme Court noted that an examination of the applicability of prejudgment interest would require the district court to "reexamine matters encompassed within the merits of the underlying action." *Id*. Accordingly, the Court held that the interests of avoiding piecemeal appellate review of judgments and promoting the finality of judgments were best served by applying the time constraints of Rule 59(e) to post-judgment motions for prejudgment interest. *Id*. at 177.
>
> In *Osterneck*, the issue arose in the context of the prevailing party seeking prejudgment interest on compensatory damages awarded in the underlying judgment on the merits. This is prejudgment interest in the classic sense because it refers to interest which was earned before a determination of the merits, i.e., entry of judgment and requires a reexamination of events prior to the entry of judgment. *Id*. In contrast, here, Plaintiffs seek interest which accrued after the merits based determination, i.e., the jury's Verdict, and which does not require a reexamination of events prior to the entry of judgment. Because of this distinction, the *Osterneck* Court's concern for finality of judgments and avoidance of piecemeal review, which necessitated the use of Rule 59(e), is not implicated here. Thus, the Court finds that *Osterneck* is not inconsistent with *Pfizer*

*Seto*, 2012 WL 4922117, at *3, fn. 4.

Here, resolution of the timeliness of Plaintiffs' petition for prejudgment interest under either Rule 59(e) or Rule 60(a) depends on whether Plaintiffs are entitled to prejudgment interest "as a matter of right" or whether the award is discretionary. That determination aside, the timeliness issue here runs counter to *Osterneck*'s concerns with a piecemeal review of judgments. Because of the multiple layers of damages in this case, i.e. interest award requests and the possibility of treble damages and attorney fees under the UTPCPL, an award of

4

prejudgment interest, in and of itself, would not represent the final piece of the judgment puzzle in this case.

Accordingly, the Court now turns to the merits of whether Plaintiffs are entitled to prejudgment interest as a "matter of right" in order to determine whether Plaintiffs' request should have been timely filed under Fed.R.Civ.P. 59(e)

2. Merits

Plaintiffs maintain they are entitled to prejudgment interest on their Breach of Limited Warranty Claim under Pennsylvania law. Plaintiffs identify the date of breach as March 30, 2018. Plaintiffs calculate prejudgment simple interest at the statutory rate of 6% from the date of the breach as follows:

Breach of Limited Warranty Prejudgment Interest:

- 1,637 days passed between 3/30/2018 [date of breach] and 9/22/22 [date of verdict].
- $23,877.20 x ((0.06 ÷ 365) x 1637) = $6,425.26

NVR contends that, because the damages sought and awarded under Plaintiffs' breach of warranty claim were not liquidated or certain, Plaintiffs are not entitled to recover prejudgment interest as a matter of right.

"A court has discretion to award or not award prejudgment interest on some claims, but must or must not award prejudgment interest on others." *Fidelity Bank v. Com. Marine and Gen. Assurance Co.*, 592 F.Supp. 513, 522 (E.D.Pa.1984) (citations omitted). The Restatement (Second) of Contracts § 354 reflects the mandatory and discretionary aspects of prejudgment interest:

> (1) If the breach consists of a failure to pay a definite sum in money or to render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled.

5

>   (2)  In any other case, such interest may be allowed as justice requires on the amount that would have been just compensation had it been paid when performance was due.

Restatement (Second) of Contracts § 354(1)-(2) (1981).  The Pennsylvania Superior Court has synthesized Section 354 as follows:

> [I]n Pennsylvania, prejudgment interest in a contract action may be recovered only if (1) a defendant commits a breach of a contract to pay a definite sum of money; or (2) a defendant commits a breach of contract to render a performance the value of which in money is stated in the contract; or (3) a defendant commits a breach of contract to render a performance the value of which is ascertainable by mathematical calculation from a standard fixed in the contract; or (4) a defendant commits a breach of a contract to render a performance the value of which in money is ascertainable from established market prices of the subject matter....

*Cresci Const. Servs., Inc. v. Martin*, 64 A.3d 254, 259 (Pa. Super. Ct. 2013).  Where breach of contract damages is ascertainable from the terms of the contract, prejudgment interest is awarded as a matter of right. *Id*. at 260 (citing Restatement (Second) of Contracts § 354 cmt. c).

Here, the jury awarded damages in the amount $23,877.20 based upon a contract action in the form of NVR's breach of the Limited Warranty.  The Limited Warranty provided for remedies as follows:

> the Limited Warranty provides for the exclusive remedy to be chosen by NVR: The **repair, replacement or payment remedy selected by the Builder will be the exclusive remedy** for which the Builder will be liable with respect to the pertinent defect. In no event will the Builder be liable for repair costs or other Warranty obligations amounting in the aggregate to more than the purchase price of the Home.

(ECF No. 1-3 at p. 59) (emphasis added).  Consistent with this language, the Court instructed the jury as follows:

> The plaintiffs claim that the defendant breached limited warranties under their contract. Plaintiffs allege that defendant provided certain express warranties in the limited warranty to plaintiffs related to structural defects and the overall quality and design of the new construction. To prove defendant breached the limited warranty, **plaintiffs must prove components of the home failed to meet the**

6

> **standards of the limited warranty and that the defendant failed to repair or replace** the defective component after receiving timely notice.
>
> ***
>
> Plaintiffs claim they are entitled to **the amount of money for repair or replacement** sustained by Plaintiffs as a result of Defendant's breach of limited warranty.

(ECF No. 90 at pp. 43, 46-47) (emphasis added). Throughout the trial, Plaintiffs introduced itemized lists which included the amount of money for the repair and replacement of substandard components. The jury's verdict slip read, in relevant part, as follows:

> 2. State the **amount of damages for repair or replacement** sustained by Plaintiffs Laura Catena and Gregory Novotny as a result of Defendant NVR's breach of Limited Warranty.
>
> $ 23,877.20.

(ECF No. 85) (emphasis added). The language of the Limited Warranty established a standard of value on performance, "repair or replacement," that was ascertainable by mathematical calculation. The Limited Warranty award of $23,977.20 was ascertainable through the introduction of repair and/or replacement estimates established through Plaintiffs' expert testimony. Therefore, under Pennsylvania law, because the Limited Warranty damages are ascertainable from the terms of the contract, prejudgment interest should be awarded as a matter of right. Thus, because Plaintiffs can recover prejudgment interest as a matter of right on the Limited Warranty claim, this Court, consistent with *Seto* and its discussion of *Pfizer* and *Osterneck* finds that Plaintiffs petition for prejudgment interest is timely.

Accordingly, Plaintiffs' Petition for Prejudgment interest on its Breach of Limited Warranty claim will be granted, and an award of prejudgment interest in the amount of $6,425.26 will be entered.

    B. Delay Damages under the UTPCPL

Plaintiffs contend that, pursuant to Pa.R.Civ.P. 238(a)(2), Plaintiffs are entitled to delay damages under their UTPCPL claim from February 4, 2021, one year after the date of original process, through the date of the verdict. NVR argues that UTPCPL delay damages under Pennsylvania Rule of Civil Procedure 238 are not available.

Rule 238 expressly provides that delay damages are available only "in a civil action seeking monetary relief for bodily injury, death or property damage." Pa. R.C.P. 238 (a)(1). Further, "Rule 238 applies only to tort, not contract actions." *Tippett v. Ameriprise Ins. Co.*, 2015 WL 1345442 (E.D. Pa. Mar. 25, 2015); accord *Touloumes v. E.S.C., Inc.*, 899 A.2d 343, 349 (Pa. 2006) ("Rule 238 delay damages are not available in a breach of contract action where the damages sought are measurable by actual property damages."); *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 171 (3d Cir. 2010) (explaining that in *Touloumes*, the Supreme Court of Pennsylvania "confirmed that [Rule 238] is limited to tort actions").

Here, both the Third Circuit and Pennsylvania Superior Court have recognized that a UTPCPL claim is statutory in nature, and while it can encapsulate tort-like social duties, it is not a tort per se. *Earl v. NVR, Inc.*, 990 F.3d 310, 311 (3d Cir. 2021); *Knight v. Springfield Hyundai*, 81 A.3d 940 (Pa. Super. Ct. 2013). Therefore, as a matter of law, Rule 238 delay damages from a UTCPL claim, are unavailable. Further, even if the Court treated the Plaintiffs' UTPCPL claim as a tort, Plaintiffs did not seek "monetary relief for bodily injury, death or property damage." Their claims included no allegation that any person suffered any bodily injury or death, and Plaintiffs did not claim that NVR damaged their property. Instead, Plaintiffs claims arose from NVR's failure to provide a "luxury home" and/or repair certain defects pursuant to the Limited Warranty. Therefore, Plaintiffs may not recover Rule 238 delay damages derived from their UTPCPL claims.

Accordingly, Plaintiffs' Petition, as regard delay damages under the UTPCPL, will be denied.

### C.  Post-Judgment Interest

Finally, Plaintiffs assert that, under 42 Pa.C.S. § 8101, they are entitled to post-judgment interest on the jury award of $146,462.40 at the statutory rate of 6% from the date of the award. Therefore, Plaintiffs request that post-judgment interest be added to the verdict amount at a rate of $24.08 per diem running from September 22, 2022, through the date of payment ($146,462.40 x 0.06 divided by 365).  NVR has offered no substantive written opposition to Plaintiffs' Petition for post-judgment interest.  However, NVR's opposition to Plaintiffs' Petition, via its generalized heading, appeared to oppose post-judgment interest on a timeliness aspect as well, but its arguments were specific only to pre-judgment interest.

For the sake of thoroughness, the Court will briefly address NVR's potentially implicit timeliness argument. For post-judgment interest, the Third Circuit has explained that a plaintiff need not ask for post-judgment interest in a motion to amend under Rule 59(e) because "post-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it." *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993).

On the merits of post-judgment interest, the Court must apply 28 U.S.C. § 1961 rather than state law. *Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am.*, 609 F.3d 143, 157 (3d Cir. 2010) (applying state prejudgment interest law and federal post-judgment interest law); *Pierce Assocs., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988) ("The matter is governed by 28 U.S.C. § 1961 notwithstanding that this is a diversity action.").

Section 1961(a) directs the Court to apply post-judgment interest to "any money judgment in a civil case recovered in a district court," to calculate the rate "from the date of the

entry of the judgment," and to set the "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Section 1961(b) further directs the Court to compute interest "daily to the date of payment" and to "compound [interest] annually."

Here, the entitlement of post-judgment interest on the merits appears clear, and because Plaintiffs' request for post-judgment interest is awarded by statute as a matter of law, the petition for post-judgment interest need not be based upon any timebound motion. Because the Plaintiffs have cited to state law and its applicable interest rate, and because the application of Section 1961 exam requires an examination of a variable interest rate, the Court will defer ruling on the applicable rate for post-judgment interest. Because the Court will be addressing additional requests for treble damages and attorneys' fees under the UTCPL (ECF No. 95 and 96), which may or may not affect the finality of the UTPCPL judgment, the Court will direct the supplementation of Plaintiffs' Petition for Post-Judgment interest under separate order. Once all rulings on any additional damages are final, the Court and the parties can then confer on the proper rates and calculuations.

Accordingly, Plaintiffs' Petition, as regard post-judgment interest, will be deferred.

ORDER

And Now this 9th day of January 2023, following consideration of Plaintiffs' Petition (ECF No. 93), the respective briefs (ECF No. 107, and 110), and for the following reasons, Plaintiffs' Petition is granted in part, denied in part, and deferred in part. Plaintiffs' Petition for Prejudgment Interest on their Limited Warranty claim is granted. Prejudgment interest in the amount of $6,425.26 will be entered. Plaintiffs' Petition for UTPCPL delay damages under Pa.R.C.P. 238 is denied. Plaintiffs' Petition, as regard post-judgment interest, is deferred.

_____
Marilyn J. Horan
United States District Judge

11