IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| LAURA CATENA, GREGORY NOVOTNY, <br><br> Plaintiffs, <br><br> vs. <br><br> NVR, INC., | 2:20-CV-00160-MJH |

Defendant,

**OPINION AND ORDER**

On September 22, 2022, a jury returned a verdict in the amount of $146,56.40, in favor of Plaintiffs and against Defendant, NVR, Inc., on Plaintiffs' claims for Breach of Warranty and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL). Plaintiffs now petition for treble damages under the UTPCPL. (ECF No. 95). The matter is now ripe for disposition.

Upon consideration of Plaintiffs' Petition (ECF No. 95), the respective briefs (ECF Nos. 108 and 111), and for the following reasons, Plaintiffs' Petition will be granted.

I.   Background

On September 10th, 2017, Laura Catena and Gregory Novotny entered into a Purchase Agreement with NVR, Inc. for the purchase of a property and construction of a home located in Mars, Pennsylvania. On March 30th, 2018, NVR completed the construction of the home and sold the home to Ms. Catena and Mr. Novotny. At the conclusion of the trial, Ms. Catena and Mr. Novotny asserted claims of breach of express warranties, and violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).

On September 22, 2022, the jury returned a verdict in favor of Plaintiffs. Judgment in the amount of $146,462.40 was entered the same day. The jury found in favor of Plaintiffs on both of their claims, Breach of Limited Warranty and Violations of the UTPCPL, as follows:

    1. Breach of Limited Warranty ……………………………………………$23,877.20

    2. Violation(s) of the UTPCPL…………………………………………...$122,585.20

In their petition, Plaintiffs contend they are entitled to have their UTPCPL damages trebled. Therefore, they request that the UTPCPL Verdict be molded from $122,585.20 to $367,755.60.

II.    Discussion

Plaintiffs contend that treble damages are warranted because the jury found that NVR violated the UTPCPL as follows:

a) by failing to comply with the terms of any written guarantee or warranty given to Plaintiffs;

b) by making repairs, improvements or replacement on Plaintiffs' tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing; and

c) by engaging in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding by Plaintiffs.

(ECF No. 85). By this verdict, Plaintiffs maintain that NVR's conduct must be, in the least, considered wrongful.

NVR contends that, although the jury found that it violated the UTPCPL, 1) it did not identify what particular fraudulent or deceptive conduct occurred or which damages accrued therefrom; 2) the verdict slip did not require the jury to connect its findings regarding NVR's state of mind to any particular component of damages awarded under the UTPCP; and 3) there

was no jury finding that NVR engaged in reckless behavior. Accordingly, NVR argues that trebling of damages is not appropriate

In addition to recovering "actual" damages under the UTPCPL,

> [t]he court may, in its discretion, award [a plaintiff] up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 Pa.C.S.A. § 201-9.2(a). "These damages, although designed, in part, for other more remedial purposes, do contain a deterrent, punitive element." *Meyer v. Cmty. College of Beaver County*, 93 A.3d 806, 815 (Pa. 2014). *See also Schwartz v. Rockey*, 932 A.2d 885, 898 (Pa. 2007) (noting treble damage provisions of UTPCPL are "a hybrid" with both punitive and remedial aspects) (internal quotations and citations omitted).

A trial court is "given broad discretion to determine whether to award treble damages" where the UTPCPL has been violated. *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639-40 (Pa. Super. 1997).  In *Schwartz, supra,* the Pennsylvania Supreme Court stated:

> [T]he statute, on its plain terms, does not provide any standard pursuant to which a trial court may award treble damages. In construing its terms, we find particularly relevant the principles of statutory construction authorizing consideration of the occasion and necessity for the statute, the mischief to be remedied, the object to be attained, and the consequences of a particular interpretation. *See* 1 Pa.C.S. § 1921(c).

*Schwartz*, 932 A.2d at 898.  In setting a guidepost for treble damages, *Schwartz* held, "courts of original jurisdiction should focus on the presence of intentional or reckless, wrongful conduct, as to which an award of treble damages would be consistent with, and in furtherance of, the remedial purposes of the UTPCPL." *Id*. at 898.

Here, the Court would first note that UTPCPL vests the award of treble damages solely with the Court and not the jury.  NVR points to no statute or case law where a jury is required to

3

make special findings for the Court to award treble damages. However, the jury did indeed find that NVR engaged in "fraudulent or deceptive conduct" under the UTPCPL, which certainly can be categorized as "intentional or reckless, wrongful conduct." Moreover, in examining the guideposts by *Schwartz*, the Court looks to the trial record for evidence of intentional or reckless, wrongful conduct. After careful consideration of the trial record, the Court finds that NVR engaged in such conduct when it engaged in fraudulent and/or deceptive conduct by representing to Plaintiffs through marketing materials, a website, and a model of home of quality craftmanship and then failing to provide the same to Plaintiff. The record was replete with instances where Plaintiffs' home, from almost the beginning, did not meet the standards of qualityas represented to Plaintiffs. There can be no mistake that NVR's marketing and representations were intentional or reckless, given the deficiencies evident in the home provided and NVR's failures to correct the same. Thus, the trial record supports the Court awarding up to three times the actual damages sustained.

Given the broad discretion granted by statute, existing case law, and the remedial nature of the UTPCPL, the Court will award treble damages here. The jury here found not one, but three violations of the UTPCPL, including "fraudulent or deceptive conduct." A new home is unique among consumer purchases. Unlike other products, where the consumer can more easily discard or replace a defective product, a home does not provide an easy "out." A home is a basic life necessity, and Plaintiffs placed an extraordinary amount of time, money, and trust in NVR. Given the extensive nature of the defects and NVR's failure to adequately address the same, Plaintiffs could not exit this investment easily or profitably. Once NVR had the Plaintiffs locked into their purchase, the Plaintiffs found themselves in an inferior and untenable position. Therefore, recognizing the unique circumstances of a new home sale, the findings of the jury, the

inequities of the parties post-sale, in furtherance of the remedial purposes of the UTPCPL, and to deter further conduct, the Court will award treble damages and mold the UTPCPL verdict from $122,585.20 to $367,755.60.

## ORDER

And Now this 10th day of January 2023, following consideration of Plaintiffs' Petition (ECF No. 95), the respective briefs (ECF No. 108, and 111), and for the following reasons, Plaintiffs' Petition for UTPCPL treble damages is granted.  The UTPCPL verdict is molded from $122,585.20 to $367,755.60.

_____
Marilyn J. Horan
United States District Judge