IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| LAURA CATENA, GREGORY NOVOTNY, | ) ) ) | |
| Plaintiffs, | ) ) | 2:20-CV-00160-MJH |
| vs. | ) ) ) | |
| NVR, INC., | ) ) | |
| Defendant, | | |

**OPINION AND ORDER**

On September 22, 2022, a jury returned a $146,462.40 verdict, in favor of Plaintiffs and against Defendant, NVR, Inc. on Plaintiffs' claims for Breach of Warranty and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL).  Thereafter, Plaintiff moved for treble damages on their UTPCPL claim.  (ECF No. 95).  On January 10, 2022, the Court awarded treble damages.  (ECF No. 116).  Plaintiffs now move for attorneys' fees, expert fees, and costs pursuant to the UTPCPL.  (ECF Nos.  96 and 122).  Following briefing and argument, the matter is now ripe for disposition.

Upon consideration of Plaintiffs' Motion (ECF No. 96), Supplemental Motion (ECF No. 122), the respective briefs (ECF Nos. 109 and 112), the arguments of counsel, and for the following reasons, Plaintiffs' Motions will be granted.

I.      Background

On September 10th, 2017, Laura Catena and Gregory Novotny entered into a Purchase Agreement with NVR, Inc. for the purchase of a property and construction of a home located in Mars, Pennsylvania. On March 30th, 2018, NVR completed the construction of the home and sold the home to Ms. Catena and Mr. Novotny.  In this litigation, Ms. Catena and Mr. Novotny

asserted claims for breach of express warranties, and for violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL).

On September 22, 2022, the jury returned a verdict in favor of Plaintiffs. Judgment in the amount of $146,462.40 was entered the same day. The jury found in favor of Plaintiffs on both of their claims, Breach of Limited Warranty and Violations of the UTPCPL, as follows:

1. Breach of Limited Warranty …………………………………………$23,877.20

2. Violation(s) of the UTPCPL…………………………………………...$122,585.20

In their motion and supplemental motion, Plaintiffs contend they are entitled to an award of attorneys' fees, costs, and expert fees.   Plaintiffs provided the following breakdown of their requested fees:

Attorneys' Fees…………………………………$318,131.00

Costs………………………………………………$12,894.53

Expert Fees……………………………………$27,640.86

TOTAL……………………………………..$358,666.39

(ECF Nos. 96 and 122).

II.     Discussion

Plaintiffs argue that, following the jury's verdict on their UPTCPL claim, they are statutorily entitled to recover reasonable and necessary attorneys' fees, costs, and expert fees. Further, they contend that an attorneys' fees award may exceed the verdict; that NVR's litigation and settlement tactics necessitated additional plaintiff attorneys' fees; and that because proof of their warranty and UTPCPL claims are intertwined, all requested fees should be awarded.

NVR argues that the Plaintiffs' fees are excessive, when considering the proportionality between the award of damages and the award of attorneys' fees; that Plaintiffs failed to produce

an engagement letter[1]; that the Court should not consider NVR's settlement posture as a factor in awarding attorneys' fees; and that Plaintiffs' attorneys' fees should only reflect the extent of Plaintiffs' success as to their UTPCPL claim.

"The general purpose of the UTPCPL is to protect the public from fraud and unfair or deceptive business practices." *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1029 (Pa. Super. Ct. 2005). In addition to recovering "actual" damages under the UTPCPL,

> [t]he court may, in its discretion, award [a plaintiff] up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees.

73 Pa.C.S.A. § 201-9.2(a). The UTPCPL provides that the trial court "may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 P.S. § 201–9.2. An award is not mandatory. *Id.; see also Krebs v. United Ref. Co. of Pa.*, 893 A.2d 776, 786 (Pa.Super. Ct.  2006).  Nevertheless,

> the fee-shifting statutory provision of the UTPCPL is designed to promote its purpose of punishing and deterring unfair and deceptive business practices and to encourage experienced attorneys to litigate such cases, even where recovery is uncertain.

*Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 336 (Pa.Super. Ct. 2015) (citing *Krebs*, 893 A.2d 776, 788 (Pa.Super.2006)). Thus, a court should consider these purposes when deciding whether to award attorney fees. *Id.*   The reasonableness of attorney fees is determined chiefly by:

> (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly conduct the case;
> (2) The customary charges of the members of the bar for similar services;

---

[1] Plaintiffs subsequently produced an engagement letter to defense counsel and to the Court. Thus, the Court need not address said argument.

(3) The amount involved in the controversy and the benefits resulting to the clients from the services, including ensuring that there is a sense of proportionality between the award of damages and the award of attorneys' fees; and

(4) The contingency or certainty of the compensation.

*Richards v. Ameriprise Fin., Inc.,* 217 A.3d 854, 868 (Pa. Super. Ct. 2019).   As regard the third component, Pennsylvania courts have noted no mandate on proportion but only "sense of proportionality" between the two numbers.  *See Neal*, 882 A.2d at 1031.

As regard the intertwined nature of UTPCPL and common law claims, in a residential construction case, the Pennsylvania Superior Court has held:

> a court in awarding attorney[s'] fees under the UTPCPL must ... eliminate from the award of attorney[s'] fees the efforts of counsel to recover on non-UTPCPL theories. Simply put, "there is no statutory authority for awarding attorney[s'] fees for the time spent pursuing non-UTPCPL counts." Notwithstanding, this Court has also recognized the difficulty in differentiating the time spent pursuing UTPCPL claims from non-UTPCPL claims. For instance, we have noted that "where the plaintiffs are proceeding on multiple theories of relief, including under the UTPCPL, it is difficult to parse out the time between the UTPCPL claim and other causes of action." In such scenarios, "[m]uch of the time spent in pre-trial litigation would relate to both UTPCPL and common law causes of action."

*Krishnan v. Cutler Grp., Inc.*, 171 A.3d 856, 871 (Pa. Super. Ct. 2017) (citations omitted). Thus, given the nature of the issues and overlap of evidence, the existence of multiple claims would not necessarily preclude or limit the recovery of attorneys' fees.

Here, the Court would first note that NVR has not challenged Plaintiffs' claimed costs and expert fees.  Second, the Court observes that NVR does not challenge the time and fee rates spent by Plaintiffs' counsel in this case.  The only time component issue argued was by the Plaintiffs, who argued that NVR's alleged litigation and settlement tactics resulted in increased time and cost to Plaintiffs.   NVR responds that settlement positions are not pertinent to this Court's determination of attorney fee reasonableness.  The Court agrees with NVR as to this issue. The Court does not find that NVR engaged in anything more than a resolute defense position

4

throughout the case. Wrong or right in its tactics, NVR understood the potential risks and consequences of the choice to settle or try this case. In the whole, all litigation comes with its thrusts and parries, and litigating a case through jury verdict and beyond is very time-consuming and expensive.  In that regard, NVR has been on notice throughout this litigation that Plaintiffs' UTPCPL claim, with its fee-shifting provisions, was potentially viable in this case.  Thus, the amount of Plaintiffs' costs and fees, which are unchallenged as to rate, amount, reasonableness, and necessity, were an inevitable consequence to this litigation.  Pursuant to statute, the UTPCPL provides for the Court to award Plaintiffs' costs and reasonable attorneys' fees.

Under the UTPCPL, recovery of attorneys' fees and treble damages are distinct.  The UTPCPL particularly provides that recovery of attorneys' fees is "in addition to other relief provided in this section," which includes the relief for treble damages. 73 Pa.C.S.A. § 201-9.2(a). Therefore, under this statutory language, each provision is mutually exclusive in its availability and purpose.  In this vein, Pennsylvania courts recognized that UTPCPL attorneys' fees relief is meant for claimants to be made whole and receive the benefit of their bargain.  *See McCauslin v. Reliance Fin. Co.*, 751 A.2d 683, 686 (Pa. Super. Ct. 2000) ("it is far more in keeping with the intent of [UTPCPL] that the claimant be made whole and not have to diminish his recovery by paying attorney's fees.") and *Dibish v. Ameriprise Fin., Inc.*, 134 A.3d 1079, 1089 (Pa. Super. Ct. 2016) ("it is clear that a successful plaintiff is entitled to the benefit of her bargain.").  So whereas attorneys' fees under the UTPCPL are meant to encourage experienced litigators to pursue claims and to make claimants whole, "treble damages [are] intended to punish 'wayward vendors.'"  *Richards v. Ameriprise Fin., Inc.*, 217 A.3d 854, 866 (Pa. Super. Ct. 2019).  Therefore, the scope of these damages is best distinguished under their separate purposes and evaluated, without regard as to whether either or both will be awarded.

5

Next, as regard "sense of proportion," the Court would note that, in its *in camera* review of Plaintiffs' invoices, a significant portion of Plaintiffs' claimed attorneys' fees accrued after the close of discovery and during trial preparation and trial.   Consideration of the proportion of the UTPCPL damages in relation to the breach of warranty damages for calculating attorneys' fees can be evaluated in two ways.  First, given the compensatory damages ($146,462.40) awarded by the jury, the attorneys' fees ($318,131.00) would be approximately 2.17 times that award. Second, when factoring the treble damages and compensatory damages award ($391,632.80), attorneys' fees of ($318,131.00) would be approximately 0.81 times that award.   Pennsylvania courts have not adopted a bright line rule on proportionality, and the Court need not parse which proportion is appropriate because either proportion is well-supported under Pennsylvania case law.  *See, e.g. Neal*, 882 A.2d 1022 (finding a multiple of 11.5 of UTPCPL damages to the attorney fee award was not disproportionate); *Boehm*, 117 A.3d 308, 336 (Finding award of approximately $165,000 in attorney fees appropriate on a lump-sum damage award of $125,000). Given the complex nature of the construction and engineering aspects, plus the multitude of defects involved in this case, the attorneys' fees accrued were warranted and proportionate.   The damages, as determined at trial, involved multiple and significant construction defects and repeated failures to correct, the proof of which necessitated significant litigation expense to Plaintiffs.  The UTPCPL, unlike common law compensatory damages, is designed to make plaintiffs completely whole (without regard to legal expenses associated with litigation) and to provide incentives for attorneys to litigate these claims. *See Boehm, supra.*   The jury verdict awarded Plaintiffs all of their requested compensatory damages for NVR's breach of warranty and UTPCPL violations.  NVR does not challenge the time or hourly rates or reasonableness of the fees and costs; however, it asks for a discount based upon proportionately to the recovery.

Plaintiffs had little choice but to fully litigate their claims in order to secure their damages award. Given the aforementioned factors, the Court cannot find that the attorneys' fees requested are disproportionate with the compensatory damages award.

Finally, as regard the purported intertwined nature of UTPCPL and Breach of Warranty claims, the Court notes that the jury found that NVR violated the following provision of the UTPCPL:

- o    Section 2-201(4)(xiv) – failure to comply with the terms of any written guarantee or warranty given to the buyer.

- o    Section 2-201(4)(xvi) – Making repairs, improvements, or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to in writing;

- o    Section 2-201(4)(xxi) – engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding, of the UTPCPL.

The first UTPCPL violation relates directly to the warranty given by NVR.   The jury did not provide, nor did the parties request, any parsing of the damages for each violation.   Given both the common evidentiary burdens of proof in the warranty aspects of each claim, it is not possible to parse the fees between the UTPCPL violation and the common breach of the warranty claim. The full litigation process and attendant attorneys' fees were related to and necessary for the proof of both claims; and therefore, the fees in this case are not subject to allocation in proportion to each claim award.   Therefore, the Court will not reduce the attorneys' fees, costs, and expenses award to account for compensatory damages awarded for the breach of warranty and UTPCPL claim.

Accordingly, Plaintiffs' Motions for Attorney fees will be granted.  Plaintiffs will be awarded $358,666.39 in costs, expert fees, and attorneys' fees.

ORDER

And Now this 20th day of March 2023, following consideration of Plaintiffs' Motion (ECF No. 96), Supplemental Motion (ECF No. 122), the respective briefs (ECF Nos. 109 and 112), the arguments of counsel, and for the foregoing reasons, Plaintiffs' Motions are granted. Plaintiffs are awarded $358,666.39 in costs, expert fees, and attorneys' fees. A separate judgment will follow reflecting a final judgment calculation in this matter.

Marilyn J. Horan
United States District Judge